This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CITY OF LAS CRUCES,**

Plaintiff-Appellee,

v.                                                                  **NO. 34,101**

**JOSEPH FULLER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Darren M. Kugler, District Judge**

Office of the District Attorney
Gerald M. Byers
Las Cruces, NM

for Appellee

Joseph Fuller
Las Cruces, NM

Pro se Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}     Defendant, self-represented, appeals from the district court's judgment and

order partially suspending sentence, convicting him for having an inoperable vehicle contrary to Las Cruces Municipal Code (LCMC), Section 18-37. Unpersuaded that Defendant demonstrated error in his docketing statement, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice, opposing summary affirmance. After due consideration of Defendant's arguments, we remain unpersuaded. We, therefore, affirm.

{2} On appeal, Defendant challenges the sufficiency of the evidence to support his conviction for having an inoperable vehicle on grounds that the LCMC provisions required that he be given notice to remove the nuisance before a criminal complaint could be filed. [DS 1; MIO 1-6] Defendant contends that the language used in the provisions requiring notice for abatement of a public nuisance is mandatory. [MIO 2-5] The problem with Defendant's argument is that he is conflating the abatement-of-a-nuisance process with the enforcement of prohibited nuisances.

{3} As we explained in our notice of proposed affirmance, the notice provisions in the LCMC relating to nuisances apply to municipal actions to remove or abate a nuisance; those notice provisions do not apply to a violation of the ordinance prohibiting a nuisance—which prohibits a person from leaving an inoperable vehicle "upon any private or public property within the city for a period of time in excess of 72 hours." Section 18-37. Our notice further explained that the penalty in Section 18-

45 for interfering with municipal abatement efforts after notice is given is separately and specifically addressed within the provisions relating to inoperable vehicles. Defendant was punished under the "General Penalty" provision, Section 1-10, for "[d]oing an act that is prohibited . . . by rule or regulation authorized by ordinance[.]" Section 1-10(a)(1). Section 18-37 of the LCMC that Defendant was convicted for violating is entitled, "Prohibited," and describes *inter alia* the act of leaving an inoperable vehicle on property within the city for longer than 72 hours.

{4}     We are not persuaded that violation of Section 18-37 required the City of Las Cruces to notify Defendant that he had an inoperable vehicle nuisance before filing a criminal complaint. Also, as we indicated in our notice, it appears that under the circumstances Defendant was or should have been aware of the presence of a nuisance on his property. [RP 6, 32] For the reasons stated in our notice and in this opinion, we affirm the district court's judgment and sentence.

{5}     **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Chief Judge**

3

_____
**TIMOTHY L. GARCIA, Judge**